FILED

OCT 16 2019

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MEYERS,

        Plaintiff,

v.

CHRISTINA D. TROIANI, *et al.*,

        Defendants.

Case: 1:19-mc-00176
Assigned To : Unassigned
Assign. Date : 10/16/2019
Description: Misc.

Chief Judge Beryl A. Howell

## ORDER

Pending before the Court is petitioner David Meyers's *pro se* Motion to Seal Entire Case, which is construed as a motion to file his petition under seal.[1] The petitioner's concerns are weighty—he explains that failure to seal the case, and in particular the documents he seeks, will result in his "being murdered," Pl.'s Motion to Seal Entire Case ("Pl.'s Mot."). In other words, he is primarily concerned that information in the records he seeks will become public, but the petition itself does not contain any of that allegedly sensitive information. This motion is therefore denied.

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). As originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980),

---

[1] The Chief Judge is tasked with "hear[ing] and determin[ing] . . . motions in any case not already assigned" including "motion[s] to seal the complaint." *See* LCvR 40.7(f). This case has yet to be assigned so the Court will, at this early stage, address only whether the case may be filed under seal.

1

the six factors courts should consider in determining whether that presumption may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Id.* at 666. The plaintiff's brief motion does not attempt to apply the relevant *Hubbard* factors to his potential filings, nor does perusal of his proposed "Petition for Writ of Mandamus" reveal any sensitive information, appearing to be more in the nature of a complaint about responses by various agencies to his requests for documents under the Freedom of Information Act ("FOIA").

Accordingly, it is hereby

**ORDERED** that the petitioner's Motion to Seal Entire Case is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the petitioner's petition unless the plaintiff wishes to proceed with filing the petition on the public docket.

Date: October 16, 2019

*[signature]*

BERYL A. HOWELL
Chief Judge