FILED
NOV 20 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MEYERS,

    Plaintiff,

v.

CHRISTINA D. TROIANI, *et al.*,

    Defendants.

Civil Action No. 19-mc-176 (BAH)

Chief Judge Beryl A. Howell

## ORDER

*Pro se* petitioner David Meyers objects to this Court's October 16, 2019 order denying his Motion to Seal Entire Case ("Seal Order"), ECF No. 1.[1] Before this Court are that "Objection," his "Motion for Recall of Judgment," and his "Notice of Appeal" which are construed as a single motion for reconsideration under Federal Rule of Civil Procedure 54(b). Reconsideration is not warranted, and this motion is denied.

It appears that the petitioner provided information to several federal agencies in an effort to kickstart investigations into "organized crime networks, drug lords, crime lords, persons committing racketeering activities, tax evasion, [and] recreational murders." Pet.'s Claim for Relief ("Pet.'s Claim") at 1. He then submitted several requests under the Freedom of Information Act ("FOIA") in order to ascertain whether those agencies had followed up on the leads he provided. Petition for Writ of Mandamus ("Pet.") at 1. The allegations in his petition for mandamus all revolve around those FOIA requests. First, the petitioner, who claims he is

---

[1] The Chief Judge is tasked with "hear[ing] and determin[ing] . . . motions in any case not already assigned" including "motion[s] to seal the complaint." *See* LCvR 40.7(f).

1

blind, alleged that those agencies have failed to accommodate him under the Americans with Disabilities Act ("ADA") by refusing to provide responses to his FOIA requests on "audio CD[s] and braille." *Id.*. He also claimed that the agencies have refused to allow him to appeal their denials of his FOIA requests. *Id.* at 2. Finally, he claimed to be receiving death threats from government officials in those agencies. *Id.*

Along with his petition, the petitioner filed a Motion to Seal Entire Case, which this Court construed as a motion to file the petition under seal. Seal Order at 1. The petitioner claimed that the petition contained sensitive information, publication of which would put him at risk of being murdered. *Id.* The Court found that the petition contained no such information and that leave to file it under seal was unnecessary. *Id.* at 2. The motion was thus denied on October 16, 2019. Seal Order at 2. The petitioner then filed the instant motion for reconsideration on November 4, 2019.

An interlocutory order, like the denial of a motion to seal at issue here, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). The power to do so, however, is "within the discretion of the trial court," *Jordan v. U.S. Dep't of Labor*, 308 F. Supp. 3d 24, 38 (D.D.C. 2018), and revision is typically proper only if the movant demonstrates "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Murphy v. Exec. Office for the United States Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)), *aff'd* 789 F.3d 204 (D.C. Cir. 2015).

The petitioner has not made the required showing. He points to no intervening change in law that would require the sealing of his petition for mandamus, nor does he point to new

evidence that would support the sealing of his petition. He seems to allege that the first order erroneously concluded that the petition did not "reveal any sensitive information" and "appear[ed] to be more in the nature of a complaint about responses by various agencies to his requests for documents under the Freedom of Information Act." Seal Order at 2. Although he now contends that the petition contains classified information that must be sealed, Pet.'s Obj. ("Obj.") at 1, another reading of the petition confirms that it contains no such information. To the extent that the petition can be read to allege a violation of the ADA, the petitioner's personal medical information, i.e. the fact of his disability, must be included in any complaint, and the presence of such information does not warrant sealing. To the extent that the petitioner desires to seal his petition because it may reveal the fact that he has provided information on various criminal syndicates to federal authorities, he has failed to show how the mere fact that he has talked to authorities would put him at risk—he has not named the individuals about whom he has provided information, nor has he described with any specificity the details he relayed to the federal agencies. There is no reason to believe anything contained in the petitioner's petition necessitates the ability to file under seal. Seeing no error, clear or otherwise, in the Court's previous order, reconsideration is not warranted.

Accordingly, it is hereby

**ORDERED** that the petitioner's Motion for Reconsideration is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the petitioner's petition unless the plaintiff wishes to proceed with filing the petition on the public docket.

Date: November 19, 2019

_Beryl A. Howell_
BERYL A. HOWELL
Chief Judge